[No. 3830.]

THE PEOPLE EX REL. BYRON L. CARR, ATTORNEY GEN-
ERAL, v. HUGO SELIG.

1. ATTORNEYS AT LAW—FAILURE TO TURN OVER MONEY COLLECTED—
DISBARMENT PROCEEDINGS.

In a disbarment proceeding against an attorney for refusing to pay over
money collected for his client, it was no defense that the money was
collected for the guardian of minor children, and that respondent
loaned the money to prevent the husband of his client from getting
and using the money for his personal benefit, even if such defense
were true.

2. SAME—PAYMENT AFTER PROCEEDINGS.

An attorney at law who refuses to pay over money collected for a client
cannot relieve himself from the consequences of the violation of pro-
fessional duty by paying over the money after the commencement
of disbarment proceedings, though in a proper case it may be con-
sidered in mitigation of the punishment.

*Proceeding for Disbarment.*

Mr. BYRON L. CARR, attorney general, and Mr. CALVIN
E. REED, for the people.

Mr. JOHN GRAY, Mr. H. M. HOGG and Mr. M. B. GERRY
for respondent.

CHIEF JUSTICE CAMPBELL delivered the opinion of the
court.

This is a proceeding under section 201, Mills' Ann. Stats.
(Gen. Stats. sec. 74) which provides in substance that when
an attorney, in the course of collection of a claim, receives
money or other property belonging to his client, and upon
demand and tender of his reasonable fees and expenses re-
fuses or neglects to pay over or deliver the same, any inter-
ested person may apply to the supreme court for a rule upon
the attorney to show cause why his name should not be stricken

from the roll of attorneys, and if at the trial the proof sustains the charges, the attorney's name shall be so stricken.

The petition or information filed by the attorney general is based upon an affidavit of Mrs. Jennie Brown, the client, and charges that the respondent collected money belonging to her, as guardian of her minor children, and refused to pay over the same, after demand therefor, and after all his reasonable fees and expenses were paid and in his possession.

That the charges are clearly established is beyond cavil. Indeed, the respondent entered no denial, and, if he did, his own letters produced in evidence are sufficient to sustain every element of the offense. The only explanation, or justification, of his conduct is found in his verified answer. From that it appears that his client Mrs. Brown was guardian of her two minor children by a deceased husband, and the claim he was employed to collect, and did collect, belonged to them, as heirs of their deceased father. He alleges that her present husband Stephen Brown was desirous of getting this money to discharge his personal obligations, and because respondent was instructed by his client to pay the money to her, and to no one else, he conceived it to be his duty to deceive Stephen as to its collection; and for the purpose, as he says, of preserving the fund for the children, as well as more effectually to conceal it from Stephen, he denied having received it, though he loaned the money at interest, and notified the guardian (his client) though not Stephen, of the true situation. At the trial the respondent offered no testimony in support of this defense of his answer, but says now, as there was no replication, it must be taken as true.

This is a special statutory proceeding, and there is no express provision for any replication. Whether or not it is necessary is not material in this case for two satisfactory reasons. The supposed defense is no defense at all. Merely because the respondent was instructed by his client to pay the money to her, and because, without authority, he usurped the guardian's function of protecting the interests of the

children by loaning the money at interest, instead of turning it over to the guardian, is no excuse for not paying the money to her whenever she demanded it. The guardian was entitled to the money on demand, and as his letters show that he had taken out his fees and expenses, his duty required him to pay over the money without delay. But if this were a sufficient defense and was not replied to, it was treated in issue at the trial, and the uncontroverted evidence of Mr. and Mrs. Brown wholly disproves it.

We do not desire to add to the penalties of disbarment by recounting in detail the unusually conclusive testimony which the record discloses. It was well said by Mr. Justice Elliott in the case of *People, etc., v. McCabe*, 18 Colo. 191, that "a court intrusted with the power to admit and disbar attorneys should be considerate and careful in exercising its jurisdiction; the interests of the respondent must in every case be weighed in the balance against the rights of the public; and the court should endeavor to guard and protect both with fairness and impartiality." In *People ex rel. v. Benson*, 24 Colo. 358, it is said that "in a case of this sort the charges must be established by clear, convincing and satisfactory evidence."

Keeping in view these principles, we are satisfied that the record in this case leaves us nothing to do except to pronounce judgment of disbarment. Since the petition was filed, the respondent has paid a portion of the amount, and, as he claims, all that is due his client, but this, of course, does not relieve him from the consequences of the violation of professional duty, though it may, in a proper case, be taken into consideration in mitigation of the punishment.

The rule to show cause heretofore issued herein is made absolute, and it is accordingly adjudged that the name of respondent Hugo Selig be stricken from the roll of attorneys permitted to practice in the courts of this state.