CORNELIUS WILLIAMS v. GRIFFIN WHEEL COMPANY.[1]

November 1, 1901.

Nos. 12,762—(35).

**Verdict Sustained by Evidence.**

*Held*, that the evidence in this case was sufficient to justify a finding by the jury that defendant was liable for all of the services rendered by plaintiff to one of its employees at its request.

**Error without Prejudice.**

*Held*, that an objection to a certain question asked by plaintiff's counsel should have been sustained, but that the ruling whereby an answer was allowed thereto was error without prejudice.

Action in the district court for Ramsey county to recover two hundred fifty dollars, and interest, for professional services as physician and surgeon rendered to an employee of defendant at the latter's request. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial defendant appealed. Affirmed.

*Trafford N. Jayne*, for appellant.

*C. D. & Thos. D. O'Brien*, for respondent.

COLLINS, J.

This action was brought by plaintiff, a physician and surgeon, against defendant corporation, for services rendered as an eye specialist to an employee who had been injured while at work for it. The plaintiff did not receive instructions or authority to render the services directly from defendant, but through one Dr. Binder, who was authorized to employ a specialist on this particular occasion for "first" or primary treatment. Defendant declined to pay the bill upon the ground that it included charges for services other than those authorized—that is, further or subsequent services.

1. The cause was tried to a jury, and we are of the opinion that

[1] Reported in 87 N. W. 773.

there was evidence which warranted a finding that the services for which plaintiff claimed compensation were, under the peculiar circumstances herein shown, first or primary, and that no part thereof could be called further or subsequent services. The testimony as to what could properly be designated first or primary services in such case,—a very severe injury to the eye,—was very meager, and was all given by plaintiff himself. The defendant did not attempt to contradict his testimony on this point, or to show what services should be called first or primary in such a case. This issue was very carefully submitted to the jury, and, as before stated, we think there was evidence sufficient to justify the verdict, in effect, that all services rendered by plaintiff came within this definition.

2. Plaintiff was asked a question which called for his opinion or conclusion as to the party for whom and upon whose faith and credit he rendered the services. An objection made thereto by defendant's counsel was overruled, when it should have been sustained. Without considering the fact that at the time this question was asked defendant's liability for services had not been shown at all, plaintiff's opinion or belief that the faith and credit of the corporation were pledged for the payment of his bill, and that it was responsible for the same, was not proof that liability existed. The conclusion that it did was to be deduced from what transpired between the parties and upon the facts as to the employment, not what plaintiff thought or believed. But subsequently the testimony as to defendant's liability for first or primary services became practically conclusive, and the jury could not have found that it had not become liable through Dr. Binder. What plaintiff believed as to the responsibility of the defendant thus became of no consequence, and his answer could not have influenced the jury upon the real issue. For this reason the overruling of this objection was error without prejudice.

3. There was no testimony that first or primary services in this case did not exceed fifteen or twenty dollars in value, as argued by counsel. Dr. Binder testified that he was not qualified to say what "first" services were in such a case, and also testified as to

the value of the services performed by plaintiff the first day. That is as far as he went.

Order affirmed.