GEORGE D. HEAD v. AMERICAN BRIDGE COMPANY.[1]

December 12, 1902.

Nos. 13,239—(235).

**Medical Services—Evidence.**

In an action to recover the value of medical services performed at the request of appellant for certain of its employees, *held*, that the evidence was sufficient to sustain a finding of the jury that the so-called "subsequent services" were duly authorized.

Action in the municipal court of Minneapolis to recover $30, and interest, for medical and surgical services rendered to certain employees of defendant at the latter's request. The case was tried before Holt, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict, but granting a new trial, defendant appealed. Affirmed.

*Koon, Whelan & Bennett,* for appellant.
*William T. Coe,* for respondent.

LEWIS, J.

The American Bridge Company was engaged in the construction of certain elevators in the city of Minneapolis, and maintained an office at or near that point. Not far distant was the office of respondent, a physician, and on several occasions he received requests over the telephone and otherwise, by some one in charge of appellant's office, to treat certain men injured while at work on the elevators. In some of those cases respondent not only treated the patients in what is known as the "initial treatment," but followed it up with necessary subsequent care. This controversy grows out. of a dispute over the liability of appellant for that part of the bill charged for subsequent services, and appellant claims there was no proof of authority for such treatment. Upon the trial below, appellant admitted respondent's employment by their bookkeeper,—also their casualtyman,—for services in the

[1] Reported in 92 N. W. 467.

first instance, but there is a square contradiction with reference to the continuing treatment. Testimony was offered and received on the part of respondent that such subsequent services were authorized by the bookkeeper, who, on the contrary, testified that, though he made the engagement in the first instance, the doctor's employment was expressly limited to first services.

Upon this state of the evidence, it was proper to submit the question to the jury, and their conclusion is final. Williams v. Griffin Wheel Co., 84 Minn. 279, 87 N. W. 773.

Order affirmed.