STATE BOARD OF EXAMINERS IN LAW v. FRANK PALMER.[1]

February 7, 1908.

Nos. 15,532—(240)

Order of this court upon the petition and accusation of E. Southworth, as Secretary of the State Board of Law Examiners, requiring defendant, an attorney at law, to answer the accusation contained in that petition. The facts are stated in the opinion. Proceedings dismissed.

*E. Southworth*, Secretary of State Board of Law Examiners, for petitioner.
*Frank Palmer*, pro se.

[1] Reported in 114 N. W. 1133.

PER CURIAM.

Proceedings for the removal of Frank Palmer from his office of attorney and counsellor in the courts of this state. The facts need not be stated at length.

In July, 1896, the law firm of which respondent was a member was employed by one Andrew G. Envall to attend to the probate of the will of his deceased wife and the settlement of her estate. Thereafter, upon the petition of one member of the firm as attorney for Envall, respondent was duly appointed administrator, and duly qualified and entered upon the discharge of the duties of his trust. Subsequent to his appointment an action was brought against Envall in the district court of Lac qui Parle county to recover a large amount of personal property left by his deceased wife, on the claim that it belonged to the plaintiff in the action. The property was subsequently taken from the possession of Envall in claim and delivery proceedings and delivered to the plaintiff by the sheriff. Respondent's firm appeared as attorneys for Envall and interposed an answer in that action. Thereafter, in April, 1897, the action was settled by the retention of the property by plaintiff upon the payment by him of the sum of $625 to defendant. The money was paid to and received by respondent as administrator of the estate of Mrs. Envall, and he deposited it in a bank in his name as administrator. Envall and his daughter were the sole heirs of the estate, and were entitled to the money after the payment of attorney's fees and the cost and expense of administration. It was not paid to them by respondent until after the commencement of this proceeding. His excuse for not paying it over was, in substance, that a controversy existed as to whether the money belonged to Envall or to the daughter, and he was in doubt, under the terms of Mrs. Envall's will, to which it should be paid; that the daughter was a minor, and had no guardian to act for her, and respondent could not deal directly with her. He, however, paid a part of the money to both parties, retaining a major portion thereof, and using it, as the evidence indicates, in his own affairs.

After the matter had continued in this situation for several years, proceedings were commenced in the probate court having charge of the estate looking to a final accounting of the administrator, the result of which was a judgment in that court that respondent was indebted to the estate in the sum of $273. Respondent did not pay this amount either to Envall or to the daughter; his reason for the failure being substantially the same as for his failure previously to pay it over, and the further claim that when the order of the probate court was made it was understood between respondent and the attorney for Envall and daughter that the money should be treated as money of the estate generally to be divided between the two heirs, and that Envall, who was not personally present at the time the probate court rendered the judgment, should personally assent thereto, which he later refused to do. This order of settlement was made in November, 1906.

Thereafter, in February, 1907, Envall, through still a third attorney, petitioned the probate court for an order vacating the previous order by which the administrator was found indebted to the estate in the sum of $273, and for a readjustment and settlement of his accounts. After hearing on this petition, the prior order was vacated, and a new one entered, in which the respondent was charged with a balance of $928.10, which was ordered paid by the probate court as follows: $498.50 to the daughter, and $429.60 to Envall. The only money or property received by respondent as administrator was the $625 on the settlement of the claim and delivery action already referred to, and the amount found due the estate by the last probate court order must have been that sum, with interest from the date it was paid to respondent in 1897. Respondent appealed from that action of the probate court to the district court, and the appeal was pending and undetermined when this proceeding was commenced, and also when the testimony was taken herein before the referee appointed for that purpose, and it was conceded on the argument before this court that since the testimony was taken the district court has disposed of the appeal, and that the amount found by that court due from respondent as administrator has been paid to the parties entitled to it.

A careful consideration of the record leads to the conclusion that a cause for disbarment is not made out. Respondent is open, however to serious criticism for his long delay in bringing the probate of the estate to a final conclusion, to the end that the money in his hands as administrator might reach the persons entitled to it, still we are not prepared to say that he was wholly at fault. Whatever doubts he entertained relative to the ownership of the money could have been solved, had he, or Envall, or the daughter, through a guardian, made application to the court for a construction of the will or a determination of the rights of the parties. No guardian was appointed for the daughter, and no application was made by Envall for several years; and. while respondent is subject to censure for his long delay, we dispose of the case on the ground that, when this proceeding looking to his disbarment was commenced, the rights of all the parties were in litigation in the district court, and when settled by that court respondent promptly paid over the money to those entitled to it. Had he frankly made full disclosure to complainant, the representative of the Board of Law Examiners, before the commencement of this proceeding, he would in all probability have been relieved of the embarrassment of making a defense in a proceeding of this kind. The proceeding was fully justified on the facts before the complainant at the time the information was filed, and respondent's criticisms are not well founded.

Proceedings dismissed.