## IN RE APPLICATION FOR DISBARMENT OF AXEL A. EBERHART.[1]

October 9, 1925.

No. 24,698.

**Attorney should either enter plea or answer accusation.**

1. When proceedings are instituted for the disbarment of an attorney at law he should, on return day, enter his plea of guilty or not guilty, or file a written answer to the accusation.

**Finding of wilful misconduct and wilful violation of oath of office.**

2. The facts, stated in the opinion, support the finding of the referee to the effect that the accused has been guilty of wilful misconduct in his profession and of wilful violation of his oath of office as such attorney at law.

**Disbarment follows such guilt.**

3. Being guilty of such conduct disbarment of the attorney follows.

1. See Attorney and Client, 6 C. J. p. 606, §§ 72, (Anno), 73 (Anno).
2. See Attorney and Client, 6 C. J. p. 607, § 77.
3. See Attorney and Client, 6 C. J. p. 591, § 50.

1. See note in 19 L. R. A. (N. S.) 414; 2 R. C. L. 1089; 1 R. C. L. Supp. 698; 5 R. C. L. Supp. 125.

The Hennepin County Bar Association accused Axel A. Eberhart of wilful misconduct in his profession and wilful violation of his oath of office as an attorney, and prayed that he be removed from his office as attorney. Judgment of disbarment.

*G. A. Will,* for accused.

*L. H. Joss* and *M. E. Maag,* for Hennepin County Bar Association.

[1]Reported in 205 N. W. 266.

PER CURIAM.

The Hennepin County Bar Association made charges against Axel A. Eberhart and asked for his disbarment. The petition and accusation were duly served upon the accused and on the return day his counsel appeared for him. This court appointed Honorable Edward F. Waite, a judge of the Fourth judicial district, as a referee to take evidence and make findings of fact. Counsel for the respective parties stipulated for the taking of depositions and for adjournments for the benefit of the accused, who filed his affidavit in support thereof. Upon the commencement of the taking of testimony, counsel for the respondent withdrew, and thereafter respondent did not appear or participate in the proceedings nor was he represented by counsel.

The proper practice required that the respondent on the return day enter his plea of guilty or not guilty. In lieu of such plea it was his privilege to file an answer in writing. Apparently through inadvertence, the respondent did not enter a plea nor did he file an answer. We, like the referee, will treat the matter as if he had entered a plea of not guilty.

The original accusation contained 6 counts. It was later amended by adding 2 more. Evidence was offered to establish only a part of the charges. The referee found counts 2, 3, 6 and a part of 4 and 7 true. He found that Axel A. Eberhart was guilty of wilful misconduct in his profession of attorney at law of the state of Minnesota and of wilful violation of his oath of office as such attorney at law.

The conclusion of the referee is completely established by the evidence. Briefly:

(1) The respondent while acting as attorney for Mrs. Tilla C. Nye received on her account $1,003.91 which he appropriated to his own use without her knowledge or consent. After the matter reached the hands of the Grievance Committee of the Hennepin County Bar Association the respondent paid a substantial part of this amount.

(2) The respondent in the year 1919 collected $1,000 on a mortgage owned by Miss Katherine E. Currie. She did not learn of this until August, 1923. He appropriated the money to his own use without her knowledge or consent. On October 2, 1923, he gave a check to cover the matter. The check was dishonored. Summary proceedings were then instituted in the district court, and, without a final hearing therein, respondent paid this delinquency by partial payments, the last of which was made January 2, 1925.

(3) In August, 1922, Asher Clayton of Gainsborough, Saskatchewan, Canada, employed respondent as his attorney in the negotiation of a $2,000 mortgage loan upon real estate owned by Clayton. The proceeds of the loan were received by respondent for Clayton. Clayton never knew that the money had been received until after he received a notice to pay the second semiannual interest coupon. Respondent had appropriated the money. In November, 1923, he paid $650. In 1924, being sharply pressed for payment of the balance, he gave two post-dated checks. The bank, on the date for payment, advised that the account was closed. A balance of $650 remained unpaid at the time of hearing in this matter.

(4) In March and April, 1922, Mrs. Karin Nord, now deceased, turned over to respondent $1,500 to be invested in a specified real estate mortgage. He appropriated the money. It does not appear when Mrs. Nord discovered the deliquency, but in June, 1924, she began summary proceedings against respondent resulting in some adjustment by which she still holds his unsecured note for $1,143.

(5) Respondent was employed by one Herman C. Hanson and his co-administrator to probate an estate. In the summer of 1922 he received as such attorney about $1,080 belonging to the estate. He held this for nearly two years. It was necessary to employ another lawyer to collect it and about $800 remained unpaid at the time of the hearing herein.

In each of these cases many requests and demands were made in behalf of the disappointed client. Respondent screened himself by a thicket of false pretenses. As a lawyer he should have been the

trusted servant of humanity and worthy of confidence. He was not. On the contrary, he was frank and candid only when under compulsion and exposure. His conduct was reprehensible—in fact, shameful. He has taken advantage of the credulity of trusting clients. He has been found wanting in fidelity. He has dishonored an honorable profession and the welfare of the legal profession, like the public welfare, commands his disbarment.

It is ordered, that Axel A. Eberhart be removed from his office of attorney at law in this state and formal judgment of disbarment will be entered.