## IN RE DISBARMENT OF D. W. GEORGE.[1]

October 7, 1927.

No. 25,237.

**Attorney disbarred because he converted to his own use money collected by him for his clients.**

In this, a disbarment proceeding against an attorney at law, evidence *held* ample to sustain a finding that the attorney received money belonging to his clients and failed to remit or report the same for such a length of time as to constitute professional misconduct for which he should be disbarred.

Attorney and Client, 6 C. J. p. 591 n. 69.

---

See note in 19 L.R.A.(N.S.) 414; 2 R. C. L. 1095; 1 R. C. L. Supp. 701; 5 R. C. L. Supp. 125; 6 R. C. L. Supp. 122.

[1]Reported in 215 N. W. 425.

Proceeding for the disbarment of D. W. George. Judgment of disbarment ordered.

*Clay W. Johnson* and *John F. Bonner,* for state board of law examiners.

*D. W. George,* pro se.

PER CURIAM.

Proceeding for the disbarment of D. W. George, an attorney at law residing at Minneapolis, instituted by the state board of law examiners. Honorable C. M. Tifft, judge of the district court in the eighth judicial district, was appointed referee to take the testimony, make findings of fact, and report the same to this court, all of which has been done.

The petition contains three specific charges of misconduct against the respondent, consisting of collecting moneys for his clients and converting the same to his own use, and in failing to answer inquiries of his clients and of the board of law examiners in relation thereto. The referee found all of the allegations of the petition true except that the respondent did not intend to appropriate the moneys of his clients to his own use, but that his conduct was due rather to carelessness. Be this as it may, the collections amounting to $143, referred to in the first charge, concededly have not yet been remitted; nor were those referred to in the second and third charges remitted until after complaint was made to the examining board; and this notwithstanding the many demands of the clients for a report on their claims, which received no attention from the respondent. Such conduct on the part of an attorney is inexcusable and should not be tolerated.

This court is of the opinion that the facts found by the referee and clearly supported by the evidence constitute misconduct on the part of the respondent such as to require his disbarment from the practice of his profession. The finding that respondent did not intend to misappropriate the moneys of his clients falls far short of exonerating him from the breach of the duties resting upon him as an attorney at law.

It is here considered and adjudged that the respondent, D. W. George, is guilty of professional misconduct as charged in the petition and that he be disbarred from the practice of law in the courts of this state. Let judgment be entered accordingly.