## IN RE DISBARMENT OF WILLIAM FITZ GIBBONS.[1]

January 23, 1931.

No. 27,780.

*Benedict Deinard,* for state board of law examiners.
*John R. Coan,* for respondent.

PER CURIAM.

To the accusation filed in this court charging William Fitz Gibbons, an attorney at law, with unprofessional conduct, he filed a verified answer wherein he admitted substantially that, being an ex-service man, he had secured the guardianship of the estates of several incompetent ex-service men; that as such for seven different wards moneys belonging to them had come into his hands which he had failed to account for or turn over to his successor when he was removed as guardian; and that the bonding company which was the surety on his several guardians' bonds had been compelled to pay out more than $4,000 for his defalcations in these guardianship matters. He however denied that he appropriated the moneys of his wards to his own use but the same were "dissipated by being

[1]Reported in 234 N. W. 637.

invested unwisely and by having been loaned to various members of his family related to him by marriage."

It is not necessary to set out the facts more in detail. An attorney, who on the strength of being an attorney and ex-service man secures the guardianship of unfortunate comrades in arms, who have become incompetent and squanders the funds of his wards so that his surety must pay out large indemnities, cannot be permitted to retain the office of attorney at law as an aid to wrongdoing. The discipline must be disbarment. The matters urged in mitigation are that he had reimbursed the bonding company to the extent of nearly $400 and was endeavoring to make full restitution; that he had received a severe head injury in the service; that an operation therefor had left him subject to epileptiform attacks and periodic nervous disturbances, which however did not affect his mental powers. His misfortunes and his financial straits however do not justify this court in holding out hope to him that he may again impose upon public confidence under the badge of an attorney at law.

Respondent was also charged with a violation of the 27th canon of ethics of the American Bar Association adopted by the bar association of this state. The referee finds the charge true. But inasmuch as we all are agreed that respondent should be permanently disbarred on the ground first stated, we should refrain from determining in this proceeding what, if any, discipline should be imposed for the violation of the canon of ethics mentioned; for, in so far as courts have spoken, the opinion has been expressed that observance thereof may be secured by less drastic measures than disbarment, unless there be shown a wilful continuance in offending against it, after caution, censure, or other discipline. Matter of Schwarz, 195 App. Div. 194, 186 N. Y. S. 535. Other cases dealing with the subject are People v. MacCabe, 18 Colo. 186, 32 P. 280, 19 L. R. A. 231, 36 A. S. R. 270; Matter of Cohen, 261 Mass. 484, 159 N. E. 495, 55 A. L. R. 1309; Matter of Schwarz, 175 App. Div. 335, 161 N. Y. S. 1079; Matter of Gray, 184 App. Div. 822, 172 N. Y. S. 648.

Upon the findings of the referee on the charges first above discussed, which findings are hereby approved, it is ordered that William Fitz Gibbons be disbarred from practicing as an attorney at law in the courts of this state.

Let judgment be entered accordingly.