IN RE DISBARMENT OF LESLIE C. SMITH.[1]

June 14, 1940.

No. 32,336.

*Philip J. Mackey* and *Oscar G. Haugland,* for State Board of Law Examiners.

*Joseph J. Granbeck* and *Lyle Pettijohn,* for respondent.

PER CURIAM.

This matter is before us on the findings of the referee. They disclose a course of misconduct on the part of the accused which

[1]Reported in 292 N. W. 620.

makes his disbarment inescapable. We omit details. It is enough to summarize.

In 1928 Mr. Smith was first charged with conversion of moneys of clients. Admitting guilt and promising restitution, which was made, and further assuring the board of law examiners and this court that the offense would not be repeated, that proceeding, No. 27,195, was dismissed November 4, 1932.

This proceeding was commenced in February of this year. The findings specify four cases wherein the accused has been guilty of conversion of clients' moneys, in a sum aggregating upwards of $1,500. He has made restitution, but in every case under compulsion. He is again before us, admitting guilt, asking clemency, and promising that the offenses, so far altogether too characteristic, will not be repeated.

In one case Mr. Smith procured moneys from his clients for the purpose and under the duty of paying taxes upon certain real estate belonging to the clients. Semiannually, as the taxes were payable, in 1933, 1934, 1935, 1936, and 1937, the tax moneys were put into his hands. He used the moneys for his own purposes. It required a summary proceeding in the district court to compel restitution.

Mr. Smith has had personal troubles, not of his own making, resulting in onerous financial burdens. Knowing of his personal difficulties, the ethics committee of the Ramsey county bar association, the state board of law examiners, and this court have coöperated in giving him opportunity not only so to mend his financial affairs as to remove temptation for peculation, but also to show that the offense would not be repeated.

Mr. Smith has shown himself unworthy of the indulgence granted. While he was accepting and enjoying it at the hands of the law examiners and this court, he was converting more funds of other clients and concealing his wrongdoing, notwithstanding his assurance that he had made complete disclosure of every such case.

So, in addition to the primary offense, oft repeated, he has been guilty of flagrant and willful deception practiced upon the

board of law examiners and this court. In such a situation, with such a long history of continued wrongdoing, it is just too much to expect clemency.

Judgment of disbarment will be entered forthwith.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.