## IN RE DISBARMENT OF JOHN W. CLOVER.[1]

July 19, 1940.

No. 32,233.

R. B. Reavill, for State Board of Law Examiners.
John W. Clover, pro se.

PER CURIAM.

The state board of law examiners has filed a petition and accusation in this court having for its object the discipline of respondent, John W. Clover, an attorney at law duly admitted to practice in this state. The accusation charges him with having wrongfully converted to his own use cer-

[1]Reported in 293 N. W. 300.

tain of his client's bonds, and the proceeds thereof when sold by him were deposited to his personal account in the bank with which he was doing business.

The Honorable D. M. Cameron was duly appointed referee to hear the cause and to make and report his findings. That duty has been well performed. The following finding succinctly states the basis upon which discipline must rest:

"That the respondent freely admits the appropriation to his own use of the bonds or funds mentioned and described in said Petition and Accusation and the gravity of the offense committed by him, and admits such offense to be of such a nature as to warrant the disbarment or suspension of his right to practice law, either permanently or for such specific time as the Honorable The Supreme Court of the State of Minnesota may determine, and that said respondent requests that an appropriate order be made without a formal hearing as he has no desire to deny or attempt to disprove any of the facts alleged in the Petition and Accusation."

Respondent has practiced law in this state ever since February 6, 1907. Prior to 1930 he acquired considerable property, mostly farm lands, all of which the court found "was quite heavily encumbered even considering the times when the lands were purchased." Respondent's difficulty seems to have been due to the fact that he was trying to salvage his supposed equities in these lands. His client's bonds were sold and the proceeds used by him "from time to time and [he] used the money to keep these farmers going, but times went from bad to worse and all the farms were lost together with the said money which respondent had used without the knowledge of the said Alura I. Gardiner [his client], knowing full well that he had no right to use the same." Respondent is now hopelessly bankrupt. There has been no restitution in whole or in part. His client's money is gone. He "sincerely regrets what he has done, and

knows that such acts tend to bring disrepute to his profession. That if it were possible for him to do so he would right the wrong that he has done."

With these findings our duty is plain. While we are reluctant to disbar attorneys, we cannot overlook the serious results flowing from misappropriation of funds entrusted to an attorney, who as to his client should act as a fiduciary. We cannot overlook or condone such conduct especially where, as here, we have a man of many years of active practice in his chosen profession. He knew when each of these acts was committed that he was guilty of a flagrant breach of trust. Under the circumstances, we can see no escape from ordering disbarment.

It is therefore considered and ordered that judgment of disbarment be forthwith entered.