IN RE DISCIPLINE OF RAYMOND G. O'MALLEY.[1]

February 6, 1948.

No. 34,297.

*William P. Horan,* for Practice of Law Committee, Minnesota State Bar Association.

*Raymond G. O'Malley, pro se.*

---

[1] Reported in 30 N. W. (2d) 693.

PER CURIAM.

This is a proceeding for the disbarment of respondent as an attorney at law. The case comes before us upon the referee's report and findings, which are unchallenged. Respondent moves to dismiss upon the ground that at the time of the commencement of this proceeding there were pending against him civil actions by his former clients to recover the amounts which the referee found he had misappropriated.

■ The pendency of another action is no ground for dismissal of the second action, but it is in some cases a ground for a stay of proceedings therein. Richardson v. Merritt, 74 Minn. 354, 77 N. W. 234, 407, 968. This is sufficient reason for denying the motion to dismiss. We do not intimate that the pendency of an action against an attorney to recover upon grounds alleged in a disbarment proceeding for his disbarment or other discipline can ever have any effect upon the right to proceed.

Respondent cites State Board of Examiners in Law v. Palmer, 103 Minn. 522, 114 N. W. 1133, where we suggested that, if the respondent there had informed the board of law examiners of all the facts, which were involved in a pending civil action by the client against the respondent to recover the money alleged in the disbarment proceeding to have been misappropriated, he might have been spared prosecution of the disbarment proceeding against him; but that case does not hold that the pendency of such an action constitutes ground for the dismissal of a disbarment proceeding.

The motion to dismiss is denied.

■ The referee found that respondent as an attorney at law misappropriated moneys belonging to four different clients amounting in round figures in the respective cases to $30,000, $7,200, $2,800, and $2,400. The circumstances attending the misappropriations show that respondent's acts were wrongful and without excuse. Misappropriation by an attorney at law of his client's money constitutes wilful misconduct in his profession involving moral turpitude, which shows him to be unfit for the office of attorney at law and justifies either his disbarment or suspension. In re Disbarment of Leslie C.

Smith, 208 Minn. 23, 292 N. W. 620; In re Disbarment of Samuel L. Friedman, 183 Minn. 350, 236 N. W. 703; 1 Dunnell, Dig. & Supp. § 678, and the numerous cases cited in note 95. Here, it is our plain duty to disbar respondent. In Southworth v. Bearnes, 88 Minn. 31, 92 N. W. 466, we held that in a clear case of misappropriation by an attorney of his client's money, as here, we should resolutely exercise our power to disbar the offending attorney as a duty owing to ourselves, the bar, and the public of purging the profession of unfaithful and unfit members. We said that the court is under such duty (88 Minn. 34, 92 N. W. 467)—

"* * * To itself, for attorneys are officers of the court, and it must not dishonor itself by knowingly retaining unfaithful assistants in the administration of justice. To the bar, for its honor and usefulness can only be preserved by the casting out of its faithless members. To the public, for in no other way can it be protected from pecuniary losses at the hands of dishonest lawyers who prey upon their clients."

As said in In re Disbarment of John W. Clover, 208 Minn. 238, 240, 293 N. W. 300, 301:

"With these findings our duty is plain. While we are reluctant to disbar attorneys, we cannot overlook the serious results flowing from misappropriation of funds entrusted to an attorney, who as to his client should act as a fiduciary. We cannot overlook or condone such conduct especially where, as here, we have a man of many years of active practice in his chosen profession. [Respondent here has practiced law for over 45 years.] He knew when each of these acts was committed that he was guilty of a flagrant breach of trust. Under the circumstances, we can see no escape from ordering disbarment."

It is therefore considered and ordered that judgment of disbarment be forthwith entered.