**In the Matter of the Application for the Discipline of Richard Lee PRIMUS, an Attorney at Law of the State of Minnesota.**

**No. 49329.**

Supreme Court of Minnesota.

Aug. 3, 1979.

2. See, generally, Tribe, *American Constitutional Law,* 905–910, 984–985 (1978).

Michael J. Hoover, Administrative Dir. on Professional Conduct, Lawyers Professional Responsibility Bd. and Richard C. Baker, St. Paul, for appellant.

Harstad & Rainbow and C. Blaine Harstad, Minneapolis, for respondent.

PER CURIAM.

These proceedings have been brought by the Administrative Director of the Lawyers Professional Responsibility Board for discipline of respondent, a member of the bar of Minnesota.

Respondent's misconduct falls into the following categories: appropriating client funds to his own use, filing false statements of account with the probate court, failing to make timely payment for services rendered to an incompetent ward, making false statements to estate creditors regarding reasons for nonpayment of charges, and failing to keep books and records as mandated by the Code of Professional Responsibility. The referee at respondent's hearing found that respondent had violated several disciplinary rules and recommended that he be disbarred.

Misappropriation by an attorney of his client's funds constitutes willful misconduct involving moral turpitude, indicates that he is unfit to practice law, and justifies disbarment. See, *In re Application for Discipline of Cohen,* 290 Minn. 500, 186 N.W.2d 168 (1971); *In re Application for Discipline of Swiggum,* 267 Minn. 548, 125 N.W.2d 169 (1963); *In re Application for Discipline of Gross,* 260 Minn. 160, 109 N.W.2d 57 (1961); *In re Application for Discipline of Hanson,* 258 Minn. 231, 103 N.W.2d 863 (1960); *In re Discipline of O'Malley,* 225 Minn. 387, 30 N.W.2d 693 (1948); *In re Disbarment of Gibbons,* 182 Minn. 373, 234 N.W. 637 (1931); *In re Disbarment of George,* 172 Minn. 347, 215 N.W. 425 (1927); *In re Disbarment of Eberhart,* 164 Minn. 408, 205 N.W. 266 (1925).

Where an attorney's conduct in his professional capacity is as reprehensible as respondent's, we cannot impose a sanction less than disbarment and still protect the public. While we appreciate the fact that respondent's father and brother took action in the highest standards of the profession to protect existing clients and to guarantee any shortages that might exist, such action does not mitigate the conduct of respondent.

Let the judgment of disbarment be entered.