## IN RE DISBARMENT OF ELMER C. TURNQUIST.[1]

October 13, 1939.

No. 32,217.

*Oscar G. Haugland* and *Philip J. Mackey,* for State Board of Law Examiners.

There was no brief filed or appearance made on behalf of respondent in this court.

[1]Reported in 287 N. W. 795.

Per Curiam.

The state board of law examiners filed a petition and accusation in this court having for its object the discipline of respondent, an attorney at law of this state. The petition and accusation, together with an order of this court, directed the respondent to plead or file his answer to the accusations made in the office of the clerk of this court within eight days after the service thereof upon him. Such service was made upon him on July 12, 1939. By the affidavit of one of the representatives of the state board of law examiners, duly filed herein, it is made to appear that the respondent is in default and has in no way appeared herein.

Under rule XXIV of this court, when the accused in such a proceeding as this defaults, we will enter an order on the assumption that he is guilty as charged. Here the accusation is that respondent on March 30, 1938, pleaded guilty to the crime of grand larceny in the first degree; that thereupon the district court of Ramsey county, this state, having plenary jurisdiction of the crime and of the person of the respondent, entered its judgment and determined him to be guilty of said crime and sentenced him to a term of imprisonment in a state penal institution of this state, the maximum not to exceed six years; that respondent is now serving said sentence.

While there is also a charge of another embezzlement, we deem it unimportant further to consider the same, as it is obvious from what has been said that disbarment must follow. 1 Mason Minn. St. 1927, § 5697; In re Disbarment of Olson, 197 Minn. 409, 267 N. W. 361.

It is therefore considered and so ordered that judgment of disbarment be forthwith entered disbarring respondent from practicing law in this state.