## IN RE APPLICATION FOR DISCIPLINE OF STEPHEN MICHAEL KING.[1]

December 29, 1950.

No. 35,462.

*Charles H. Richter,* for Practice of Law Committee of Minnesota State Bar Association.

PER CURIAM.

The respondent, Stephen Michael King, is an attorney at law of this state. November 9, 1950, the Practice of Law Committee of the Minnesota State Bar Association filed a petition and accusation in this court charging respondent with misconduct on nine separate counts and praying that he be disbarred or otherwise disciplined. The petition and accusation were served upon the respondent November 17, 1950. At the same time respondent was served with an order of this court directing him to plead or file his answer to the accusation and petition in the office of the clerk of this court within 20 days after service of the accusation, petition, and order. By affidavit of the chairman of the Practice of Law Committee, filed here pursuant to Supreme Court Rule XXI (222 Minn. xxxix), it is made to appear that the time allotted by this court's order has expired, that respondent is wholly in default, and that he has in no way appeared.

Where a respondent in a disciplinary proceeding of this nature fails to plead or file an answer, upon proof of such facts he shall be found in default, and an order of discipline will be entered upon

[1]Reported in 45 N. W. (2d) 562.

the assumption that he is guilty as charged. Supreme Court Rule XXI, 222 Minn. xxxix.

Although respondent is charged with numerous acts of misconduct, it is sufficient to mention only one. September 29, 1950, upon his plea of guilty, respondent was convicted of the crime of grand larceny in the second degree and sentenced to confinement at hard labor in the state prison at Stillwater, Minnesota, until discharged by due course of law or competent authority. His sentence was stayed, and he was placed on probation for five years, the first six months of his probation to be served in the workhouse of the city of Minneapolis.

In this state, the crime of grand larceny in the second degree is a felony. M. S. A. 610.01, 622.06. Respondent having been convicted of a felony, we are called upon to order his disbarment. § 481.15, subd. 1(1) ; In re Disbarment of Olson, 197 Minn. 409, 267 N. W. 361; In re Disbarment of Turnquist, 206 Minn. 104, 287 N. W. 795.

It is therefore ordered that respondent, Stephen Michael King, having been convicted of the crime of grand larceny in the second degree, be disbarred and that his name be stricken from the roll of attorneys in this state.