Original,
No. 4390.

WELANKO'S CASE.

Returnable March 2, 1955.

Decided March 11, 1955.

*Louis C. Wyman*, Attorney General, for the complaint.

PER CURIAM. The records of this court disclose that on November 4, 1947, Abraham Welanko of North Weare was admitted to practice as an attorney in this state, without examination, as a person previously admitted to practice as an attorney and counselor of the highest judicial court of New Jersey (R. L., c. 381, s. 3; Rule 18, 96 N. H. 589), and that he thereupon took and subscribed the statutory oaths to support the Constitution of this state and of the United States. R. L., c. 381, s. 6. His name last appeared upon the roster of members of the bar resident in this state in December 1949.

The complaint attacks the good faith of the respondent in taking the oaths required for admission to the bar of this state, and questions his present loyalty to the state and to the United States. See *In re Anastaplo*, 3 Ill. (2d) 471, *app. dism.* for want of a substantial federal question, 348 U. S. 946, February 28, 1955. The respondent has not seen fit to controvert the complaint and has ignored the order of the court.

As an attorney he is an officer of the court, and subject to the control of the court, which has summary powers of investigation. *Ricker's Petition*, 66 N. H. 207, 246. See *Collins* v. *Godfrey*, 324 Mass. 574, 577-578. "The public is entitled to ample protection against the danger of any abuse of the great powers of the office which the public . . . has conferred upon him." *Delano's Case*, 58 N. H. 5, 6. As occasion arises, appropriate disciplinary measures may be taken for the protection of the public, as well as for the maintenance of public confidence in the bar as a whole. *In re Park*, (Wash.) 274 P. (2d) 1006. Under some circumstances, a default in proceedings such as these may be tantamount to confession of the charges made. *In re Turnquist*, 206 Minn. 104.

In view of this respondent's default, no occasion arises to go to the length of an investigation or inquest concerning the allegations of the complaint, and we make no findings with respect thereto. We consider that the gravity of the charges made and the respondent's failure to respond to them in compliance with the order of the court of which he is an officer combine to present sufficient cause for suspension of his license to practice law. It is therefore ordered that Abraham Welanko is indefinitely suspended from his office as an attorney in this state.

*So ordered.*