# IN RE APPLICATION FOR DISCIPLINE OF MANLEY F. BOOZIER.

110 N. W. (2d) 440.

July 7, 1961—No. 38,431.

*Glen P. Powrie,* for petitioner.

PER CURIAM.

This is a proceeding for the disbarment of Manley F. Boozier, herein referred to as respondent, commenced by the Practice of Law Committee of the Minnesota State Bar Association, herein referred to as petitioner, by the filing on December 15, 1955, of its accusation, which could not be served because respondent could not be found. On July 18, 1956, this court made its order suspending respondent until the further order of this court. In re Application for Discipline of Boozier, 248 Minn. 579, 82 N. W. (2d) 841. On April 4, 1961, petitioner filed its second accusation against respondent which alleges in substance as follows:

(1) That respondent altered a check issued to him by Sexton, Tyrell & Jardine of St. Paul by changing the date from May 3, 1955, to May 13, 1955, and by changing the amount from $40 to $4,690, which check he deposited in the Northwestern State Bank of St. Paul on or about May 19, 1955, and thereafter withdrew $4,000 in cash on or about May 20, 1955, and departed from St. Paul. The alteration of said check was done without the knowledge, consent, or authority of the drawers. No part of this sum has been returned. On October 19, 1960, respondent pled guilty to the offense of grand larceny in the first degree in the District Court of Ramsey County, second judicial district of Minnesota.

(2) That on or about March 19, 1959, respondent was convicted in the United States District Court for the District of Utah of using the United States mails to defraud; that he completed the sentence imposed therein by the United States District Court.

(3) That on or about December 17, 1953, Sharon Rose Nordstrom, a minor, was injured in an automobile accident. Her mother retained respondent as attorney to prosecute the minor's claim. On or about March 8, 1954, respondent received from Casualty Underwriters, Inc., a check for $150 payable to the mother in full settlement of the minor's claim. Respondent

caused the mother to sign releases and to endorse the check, which he retained, advising her that he would deduct $50 as his fee and set up a bank account for the minor with the balance. This settlement was not presented to the district court for its approval. Thereafter, on many occasions, the mother asked respondent to give her the $100 or a bank book showing that he had deposited that sum on behalf of the minor. Respondent has never accounted to his client for the $100.

On June 22, 1961, pursuant to Supreme Court Rule XXI (222 Minn. xxxix), petitioner filed its affidavit that respondent has not filed an answer or other pleading in response to the accusation which was served upon him on March 28, 1961, and moved this court for judgment of disbarment. Rule XXI provides that under such circumstances an order of discipline will be entered upon the assumption that the charges in the accusation have been established. In re Application for Discipline of King, 232 Minn. 327, 45 N. W. (2d) 562.

Proof of misconduct such as is contained in the charges herein is sufficient to disqualify the accused attorney from the practice of law. Judgment will be entered forthwith disbarring Manley F. Boozier from the practice of law and striking his name from the roll of attorneys of this state.

Disbarred.