## IN RE DISBARMENT OF PAUL S. REDDING.[1]

May 3, 1929.

No. 26,989.

*Oscar G. Haugland,* for state board of law examiners.
The respondent was personally served but made no appearance.

PER CURIAM.

The complaint of the state board of law examiners against Paul S. Redding was referred to the Honorable Gunnar H. Nordbye, a judge of the district court of the fourth judicial district, to report the evidence and make findings thereon pursuant to the statute.

The petition and accusation herein, together with an order of this court requiring the said Redding to plead or file his answer to the accusation filed in the office of the clerk of this court, were person-

[1]Reported in 225 N. W. 274.

ally served upon said Redding on May 16, 1928, and the said Redding has defaulted and failed to plead or answer herein and has failed to in any way appear in this proceeding. The evidence was taken and findings made, which we adopt.

Paul S. Redding was admitted to practice law in this state on October 7, 1902, and was engaged in the practice at Windom, Minnesota, up to and until about January 1, 1927.

In August, 1924, Mr. Redding was retained by one Della Enloe to institute and prosecute an action for divorce against her husband upon the grounds of desertion; said Redding agreed to institute and prosecute such action for the sum of $50 and on May 5, 1926, the said client paid to said Redding said sum in full payment for his services to be rendered in said action. He promised to institute the action but did not do so. He wrongfully converted said money to his own use. He never commenced the action and never returned the money.

On October 27, 1926, Mr. Redding was retained by one O. H. Graham and Christie Graham to prepare petitions and schedules in bankruptcy and to represent them in such proceedings. Redding accepted the employment and agreed to represent the said Grahams and to carry on to completion their bankruptcy proceedings and to obtain their discharges therein. He agreed to accept in full payment of his fees for such service and for all expenses in connection therewith the sum of $250, which was paid to him on said date by said clients. Redding failed to prepare the petitions for said proceedings and never instituted same. He has refused to return the money to said clients and has converted the same to his own use.

It is ordered that Paul S. Redding be removed from his office of attorney at law in this state and that a formal judgment of disbarment be entered.