## IN RE DISBARMENT OF GEORGE P. GURLEY.[1]

November 13, 1931.

No. 28,613.

*Oscar G. Haugland*, for state board of law examiners.
*George P. Gurley*, pro se.

PER CURIAM.

Proceeding by the state board of law examiners for the discipline of George P. Gurley, an attorney at law, who has answered. The facts have been stipulated.

In October, 1927, counsel was employed by a client to purchase for her a certain promissory note and real estate mortgage securing the same on North Dakota land and upon which there was unpaid the sum of $423.40. The papers were in the hands of a firm of lawyers in North Dakota representing the owner. Counsel phoned to the North Dakota lawyers, and it was agreed that the mortgage would be bought by his client. He thereupon wrote the North Dakota lawyers, confirming the talk over the phone, and advised them to send the papers to a local bank; but the foreign attorneys, apparently having faith in counsel's integrity, sent the papers direct to him asking that he forward check for the amount.

[1] Reported in 239 N. W. 149.

He received the papers but failed to remit. Many letters asking for the money or a return of the papers were ignored in a way that was extremely discourteous and unethical. All counsel had to do was to return the papers if his client did not provide the money for remittance. The letters sufficiently reminded counsel of his duty in the matter and what might be the consequence of his failure to answer. He did not heed the admonition. The matter was referred to the state bar association, and a member of the ethics committee wrote to counsel a courteous letter relative to the matter, but this too he ignored. A letter from the chairman of the ethics committee had the same fate. Three letters from the secretary of the state board of law examiners were unanswered. This proceeding followed.

Such conduct calls for our disapprobation. After this proceeding was instituted, counsel, using his own money, paid the $423.40 and interest, and perhaps became the owner of the paper, since the assignment of the mortgage was made in blank. He was under no legal obligation to use his own money in the matter, and we take it that his belated but personal remittance was made more in the nature of expiation. He was loyal to his client and in no way used or converted the property in his hands. Such conduct however tends to break down public confidence in members of the bar. We cannot ignore it. He has appeared before this court in a spirit of humility, realizing that he has made an unenviable record of discourtesy, which we believe is quite contrary to his nature, acknowledging his omission, and offering an apology to all concerned.

This court has heretofore known counsel only as a courteous and considerate gentleman. In view of his high standing at the bar, we accept his apology and dismiss the proceedings.

Let judgment be entered accordingly.