## IN RE DISBARMENT OF A. M. BREDING.[1]

March 3, 1933.

No. 29,253.

*Oscar G. Haugland* and *Emmons L. Abeles,* for state board of law examiners.

*C. A. Pidgeon,* for respondent.

[1] Reported in 247 N. W. 694.

PER CURIAM.

The application for the discipline of A. M. Breding, an attorney at law in this state, was referred to the Honorable Horace D. Dickinson, one of the judges of the fourth judicial district, as referee, to hear and report the evidence and to make and report his findings of fact thereon.

According to the findings of the referee, which are adopted by us, it is made to appear that counsel received for a woman client a check for $490 payable to him and the client jointly, from which he was to have a fee of $75. She called at his office on a Saturday after banking hours and indorsed the check so he could cash it, she agreeing to return on Monday for her $415. She returned on Monday but was unable to obtain the $415 or any portion thereof. Two weeks later she was given $100, and she finally obtained the entire amount due her in small instalments paid at the rate of $5, $10, and $15 covering a period of about one year.

Relative to the complaint of said client and the complaint of another aggrieved client, which is also involved in her proceedings but concerning which the referee has substantially exonerated counsel, the chairman of the ethics committee of the state bar association, the secretary of the state board of law examiners, and the secretary of the ethics committee of the Hennepin county bar association wrote counsel many letters, which were ignored by him. They asked him to come before certain committees and make explanation, but this he failed to do. They were giving their time and services to maintain a high standard in the legal profession and were entitled to expect at least a courteous response and a prompt coöperation. Counsel failed in his duty toward these officials.

When the order of this court in this matter was served upon counsel he failed to answer as therein required or to enter a plea to the complaint filed against him. He was notified of the hearing before the referee, but that hearing too he ignored. Before the hearing was over a lawyer friend persuaded him to appear and take part in the hearing.

Counsel is now 54 years of age. He was admitted to practice in 1906. He has had various connections with other lawyers and, generally speaking, up to about 1923 has maintained a high standing in his profession and up to that time was fairly successful. Some time thereafter misfortune seems to have come upon him, and for some reason his practice has largely disappeared. For the last few years he has been greatly depressed, and it may be that he has suffered a type of nervous breakdown. His failure to answer letters or even to read their contents is, partly at least, attributable to his physical and mental condition. The practice of a lawyer to ignore important letters from those to whom it is his duty to speak is to be condemned. In re Disbarment of Gurley, 184 Minn. 450, 239 N. W. 149. If counsel's delinquency as herein mentioned is due to his mental and physical condition, as seems probable, he is not in a fit condition to undertake to represent clients and maintain the standard of conduct that is demanded of one in his profession. As far as the public is concerned, irresponsibility brings the same misfortune as wilful misconduct. The public is entitled to protection from a practitioner in that mental condition, and the profession is entitled to be protected from the consequences resulting from one practicing while mentally sick.

Judgment will forthwith be entered disbarring the said A. M. Breding, and his name will be stricken from the roll of attorneys of this state. Any time after the expiration of one year from the entry of such judgment counsel will be permitted to move this court for a vacation of such judgment and his reinstatement as an attorney at law in this state; but by such application it must be made satisfactorily to appear that counsel has recovered from his abnormal mental and physical condition, and such application must make a reasonable showing indicating that the applicant, if reinstated, will have the stability and strength of manhood to perform his duties as an attorney in the manner that is expected of him by the courts and by the public.

OLSEN, JUSTICE, took no part.