## IN RE DISBARMENT OF LUDWIG O. SOLEM.[1]

April 13, 1933.

No. 29,081.

Oscar G. Haugland and Sigurd B. Severson, for state board of law examiners.

Louis Solem, for respondent.

[1] Reported in 248 N. W. 212.

PER CURIAM.

Nels J. Carlson was a stockholder in a corporation and subject to a stockholder's liability of $100. Proceedings were commenced to enforce the liability of stockholders, and a receiver was appointed. The respondent was employed by Carlson to look after his interests. He was successful in securing a settlement for $50, payable ten dollars a month on the tenth of each month until paid. Carlson paid the respondent this sum of $50 plus his attorney's fees some time prior to April 14, 1927. On March 18, 1929, the respondent paid to the receiver ten dollars and on April 8, 1929, ten dollars, making $20 in all. He did not make further payments. By the stipulation of settlement judgment was to be entered against Carlson for the full amount of $100 if he did not make the monthly payments on the basis of $50 in accordance with the stipulation of settlement. About September 17, 1929, judgment was entered against Carlson for the full amount of $115.24. On November 7, 1929, execution was levied on Carlson's wages due him from a corporation by which he was employed. Shortly after the levy was made Carlson's employer requested its attorney to look after Carlson's interests, and on January 13, 1930, Carlson paid the full amount of the judgment to the sheriff, who remitted to the plaintiff in the execution. Afterwards respondent went to the attorneys of the receiver and offered to pay the balance of $30 still due in accordance with the stipulation. This offer was refused. After the levy was made and before Carlson had paid the judgment, respondent promised Carlson to pay him in full the amount he would have to pay to satisfy the judgment. The matter dragged, and Carlson did not get his pay. On the first day of the disbarment proceedings, July 15, 1932, respondent settled with Carlson for $136.27, partly in cash and partly by a corporate bond of a North Dakota corporation. The suggestion that Solem merely forgot does not meet favorable consideration. Naturally enough Carlson is not much concerned in the result of this proceeding although for a time he felt hurt over the treatment accorded him; but all this is unimportant. It is not Carlson's case. It is Solem's conduct as an attorney which is under consideration.

The case is a plain one where an attorney receives money in trust from his client, mingles it with his own funds, and fails to pay it as he should. It is typical of many of our cases and does not require discussion. When an attorney uses his client's money and does not pay it to him he must expect to be disciplined. Some claim is made of the statute of limitations. There was a continuing default on the part of the respondent, and the statute does not save him.

The respondent seems to have had a considerable practice in Minneapolis. He has appeared frequently in this court. While his misconduct cannot be condoned, it is not such as to require absolute disbarment. The judgment will be that he be suspended for one year from the date of entry of judgment.

The complaint states three other alleged grounds of discipline. One of them was dismissed; another was rightly found by the referee to be trivial; and the third involved a transaction between respondent and his clients relative to an automobile the title to which the respondent acquired. The transaction is a long and confusing one, and from our examination it seems that any result reached would be unsatisfactory and uncertain. We pass this ground of discipline without further comment.

Judgment of suspension ordered.