# IN RE DISBARMENT OF LAWRENCE SEVERSON.[1]

April 28, 1933.

No. 29,254.

*Oscar G. Haugland* and *Emmons L. Abeles,* for state board of law examiners.

There was no appearance made or brief filed on behalf of respondent in this court.

*PER CURIAM.*

Application for the discipline of Lawrence Severson, an attorney at law of this state, respondent herein.

The matter was referred to the Honorable Vernon Gates, judge of the third judicial district, to hear and report the evidence and make findings thereon.

The referee found, in substance, among other things, that Severson collected $1,000 on an insurance policy for one Mrs. Van Kleeck; that he has paid and accounted for $852.20 of the money so collected but has failed and neglected to pay or account for the balance of $147.80; that he had been directed by the order of the district court of Hennepin county to pay to Mrs. Van Kleeck the sum of $480, but had failed to pay the balance of $147.80 thereof; that he claimed, before the referee, that he should be allowed the

[1]Reported in 248 N. W. 293.

sum of $75 as attorney's fees out of this balance; but that in any event the retention of the balance of $72.80 thereof was unjustified; that Mrs. Van Kleeck, being dissatisfied, had employed another attorney to obtain an accounting for said insurance money.

The referee further found that in August, 1930, Severson was employed to probate the estate of one Dan Johnson; that the administrator of said estate gave Severson a check for $1,225, which sum was paid to Severson out of the funds of said estate for the purpose of paying certain items of expense for which said estate was liable; that out of said money Severson paid bills of said estate amounting to $543.65, but has retained the balance of $681.35 and has refused to account for the same or pay it to said administrator; that Severson has promised on many occasions to account for and make payment of said money, but has failed to do so; that he claims he should be allowed $150 out of said sum for attorney's fees, but his claim was disallowed by the probate court; that the administrator of said estate employed other counsel to assist in probating the estate and to compel Severson to account for the fund in question; that his failure to account for and his retention of any part of said money except the $150 for fees was unjustified.

Another finding in reference to money collected by Severson in settlement of a personal injury suit for one Koldberg shows failure on the part of Severson to obey an order of the district court requiring him to deposit $291 out of the money collected in the Midland National Bank & Trust Company to the account of the minor for whose benefit it was collected. Since the commencement of this proceeding Severson has paid part of the money to the mother of said minor and has given her a check for the balance, which had not been cashed at the time of the hearing.

The referee found that from May to September, 1932, Severson's health was impaired and he retired to a lake some 50 miles from Minneapolis for rest; that he was not confined to his bed and not wholly incapacitated from working, and made occasional trips to Minneapolis during that time.

The showing of ill health does not impress us as a sufficient justification for misappropriation of funds belonging to Severson's clients.

He made some claim at the hearing before the referee that he had not appropriated these funds to his own use but had kept them separate, and, as we understand the record, claimed that he had the funds on hand in a separate account at a bank. When given ample time and opportunity to present evidence of having the funds or such an account in the bank, he failed to do so. The referee states that the only conclusion that can be reached under the circumstances is that Severson had used the money for his own purposes and found it impossible to restore it.

We agree with the conclusions of the referee.

The respondent has made no appearance and filed no brief in this court.

The findings of the referee are approved and adopted, and it is ordered that Lawrence Severson be disbarred from practicing as an attorney at law in this state and his name be stricken from the roll of attorneys.

Let judgment be so entered.