IN RE DISBARMENT OF DANIEL P. KENNEDY.[1]

June 16, 1944.

No. 33,748.

*Philip Neville,* for State Board of Law Examiners.
*John A. Burns,* for respondent.

PER CURIAM.

On May 21, 1940, respondent received a note of $11.79 for collection on a 50 percent contingent fee basis. He collected the note but failed to make any report or remittance to his client until after charges against him based on such misconduct were made by the state board of law examiners and a referee had been appointed to make inquiry. The board also made other charges indicating that respondent has been guilty of failure to answer correspondence and of inattention to business.

Respondent's conduct clearly calls for censure and reprobation. It constitutes a wilful violation of his oath and of the duties imposed upon him as an attorney at law, justifying his removal or suspension under Minn. St. 1941, § 481.15 (Mason St. 1927, § 5697). It cannot be ignored. In re Disbarment of Gurley, 184 Minn. 450, 239 N. W. 149.

The explanation that respondent has been absent from the state and engaged in defense work in the state of Washington and that he has had financial difficulties for the past several years may explain, but it in no degree excuses, his conduct. However, in view of the present recommendation of the state board of law exam-

[1]Reported in 15 N. W. (2d) 26.

iners, based upon a showing that the matters complained of have been adjusted to the satisfaction of the clients, the proceeding will be dismissed without prejudice to a reinstatement thereof in the event that respondent's conduct be repeated or additional acts of professional misconduct be ascertained.

So ordered.