## IN RE APPLICATION FOR DISCIPLINE OF WALTER CHARLES BOLAND.[1]

April 10, 1953.

No. 36,052.

*Robert J. Nowack,* for Practice of Law Committee of Minnesota State Bar Association.

*T. H. Wangensteen,* for respondent.

PER CURIAM.

The petition and accusations of the Committee on Practice of Law of the Minnesota State Bar Association asking for the disbarment or discipline of Walter Charles Boland as an attorney at law sets forth the following acts of misconduct:

■ That the respondent Walter Charles Boland in probating an estate commingled with his own funds and converted to his own

---

[1]Reported in 57 N. W. (2d) 809.

use cash assets of $15,000 belonging to said estate; that in attempting to repay said sum he issued several checks which were dishonored for insufficient funds. The sum of $5,310 of the money so converted is still unpaid but, according to the answer of the respondent, such unpaid balance has been settled by his execution of a promissory note which is secured by a mortgage upon his homestead.

■ That the respondent on October 31, 1952, forged a check for $900 on the Edina State Bank. In an apparent attempt to make restitution the accused issued a check on another bank where he had no account and a second check on still another bank where his account had been closed. Restitution has been made only to the extent of $200. The respondent alleges that he has assured the Edina State Bank that complete restitution will be made.

■ That in the payment of a medical bill the respondent on or about November 6, 1952, issued a post-dated check of $275.75 on a bank where his account had been closed.

■ That the respondent for several years past has used intoxicating liquors so excessively and habitually as to render himself unfit to practice law.

Respondent's answer substantially admits the foregoing acts of misconduct which involve (1) the commingling and conversion of a client's funds, (2) forgery, (3) the making of a whole series of bad checks, and (4) the habitual and excessive use of liquor. These admissions make it unnecessary to refer the matter for a hearing of the evidence and for the making of findings of fact. Respondent seeks a stay of the disbarment proceedings until he has the opportunity to rehabilitate himself and to demonstrate his fitness to practice law. He alleges that his difficulties stem primarily from the excessive use of liquor, that he has now entered a private sanatorium to be cured of the habit, and that upon his release he will join Alcoholics Anonymous. His acts of misconduct are so serious, however, that his plea for clemency cannot be granted.

A lack of absolute integrity in the handling of a client's funds and in conducting financial transactions with others, whether it

stems from the habitual and excessive use of liquor or from an innate weakness of character, wholly disqualifies a lawyer from continuing the practice of his profession. Serious acts of professional misconduct cannot be condoned or overlooked in disciplinary proceedings if the administration of justice is to be safeguarded and the public protected.

Judgment will be entered forthwith disbarring the said Walter Charles Boland and striking his name from the roll of attorneys of this state. Any time after the expiration of two years from the entry of such judgment the respondent may apply for the vacation of the judgment and for his reinstatement as attorney at law *upon making a clear and positive showing:* (1) That he has made full restitution, (2) that his acts of serious misconduct were the result of his excessive use of liquor, (3) that he has permanently ceased the use of intoxicating liquor, and (4) that he has otherwise so rehabilitated himself with respect to his stability and strength of character that he will be able thereafter to perform his duties as attorney at law in a manner which protects the public and safeguards the courts and his profession.

Let judgment of disbarment be entered.