## IN RE APPLICATION FOR DISCIPLINE OF HAROLD HOIDALE RICE.[1]

March 5, 1954.

No. 36,332.

*Robert J. McGuigan,* for Practice of Law Committee of Minnesota State Bar Association.

PER CURIAM.

The accusation of the Practice of Law Committee of the Minnesota State Bar Association filed herein with the committee's petition praying for the disbarment and discipline of Harold Hoidale Rice as an attorney at law sets forth:

1. That on or about September 22, 1952, Harold Hoidale Rice, as attorney for plaintiff in Moen v. Brazie, file No. 491844, district court for Hennepin county, obtained $139.20 from the sheriff of Hennepin county which the latter had collected as the result of a levy of execution issued upon the judgment entered therein.

2. That he commingled such sums with his own funds and converted them to his own use and thereafter failed and refused to account to his client for them although repeated demands therefor were made upon him by his client.

---

[1]Reported in 63 N. W. (2d) 41.

3. That he failed and refused to appear before either the Ethics Committee of the Hennepin County Bar Association or the Practice of Law Committee of the Minnesota State Bar Association in response to summons served upon him by each committee for the purpose of explaining his failure to account to his client for the sums thus collected.

4. That for several years past he has used intoxicating liquor so excessively and habitually as to render him unfit to practice law.

On February 4, 1954, under Supreme Court Rule XXI (222 Minn. xxxix), we ordered that a copy of the petition and accusation and the order of this court made in response thereto be served upon Rice and provided therein that he have eight days thereafter to serve and file his answer to the charges as above set forth. On February 4, 1954, service of the petition and accusation and order was made upon him personally in Minneapolis. More than eight days have elapsed since such service, but no answer to the charges has been served upon counsel for petitioner or filed in this court. Proof of such default has been duly filed herein. Rule XXI provides that under such circumstances an order of discipline will be entered upon the assumption that the charges have been established. In re Discipline of King, 232 Minn. 327, 45 N. W. (2d) 562.

Proof of misconduct such as is contained in the charges here is sufficient to disqualify the accused attorney from the practice of law. In re Discipline of Boland, 239 Minn. 141, 57 N. W. (2d) 809; In re Discipline of O'Malley, 225 Minn. 387, 30 N. W. (2d) 693; In re Disbarment of Bodin, 189 Minn. 396, 249 N. W. 569; 2 Dunnell, Dig. (3 ed.) § 678.

Judgment will be entered therefore disbarring Harold Hoidale Rice from the practice of law and striking his name from the roll of attorneys of this state. After the expiration of two years from the entry of such judgment, he may apply for the vacation thereof and for his reinstatement as an attorney at law upon a positive showing (1) that he has made full restitution to his client of the funds wrongfully taken; (2) that his misconduct was the result of the excessive use of intoxicating liquor and that he has permanently

ceased the use thereof; and (3) that he has otherwise so rehabilitated himself and conducted his affairs that thereafter he will be able to perform his duties as an attorney at law in a manner to bring respect to the profession.

Let judgment of disbarment be entered.