IN RE APPLICATION FOR DISCIPLINE OF
ALFRED M. JOYCE.[1,2]

July 2, 1954.

No. 36,068.

[1]Reported in 65 N. W. (2d) 581.
[2]Certiorari denied, 348 U. S. 883, 75 S. Ct. 124, 99 L. ed. ——.

428

*Robert J. McGuigan,* for petitioner.
*Alfred M. Joyce, pro se,* and *Jerome M. Daly,* for respondent.

PER CURIAM.

This is a proceeding brought by the Practice of Law Committee of the Minnesota State Bar Association for the disciplining of Alfred M. Joyce, an attorney licensed to practice law in Minnesota. The petition and accusation were served on respondent on March 4, 1953. The Honorable E. R. Selnes, judge of the sixteenth judicial district of Minnesota, was appointed referee, and the matter was heard on various dates during the months of April, May, and July of 1953. Findings of fact were made by the referee on October 28, 1953, and filed with this court on October 30, 1953. The supreme court issued its order on February 5, 1954, providing that a settled case be filed by March 15, 1954, and further providing the dates for the filing of briefs by the respective parties. A subsequent motion by respondent for additional time to serve and file a settled case was denied on March 30, 1954. No settled case was filed by respondent within the time set.

The findings of the referee are of some length and go into considerable detail concerning transactions in which respondent was accused of misconduct toward his clients. The following is an abbreviated summary of those facts as found by the referee:

(1) Respondent was retained in 1950 to probate the will of Magdalena Lentsch in Ramsey county probate court. Respondent thereupon wilfully or negligently attempted to probate in that estate assets which were not the property of the estate. Respondent charged a fee of $580.18 which he collected from the executor. The probate court set respondent's fee at $300 and surcharged the account

of the executor $280.18, but respondent refused to return this excess to the executor and made no appeal from the court's order. Respondent did not close the estate but filed a notice of attorney's lien, notwithstanding the fact that his fee was already paid, and at a hearing before the Practice of Law Committee he stated that his actions in the matter did not constitute misconduct or unethical conduct.

(2) Respondent was retained in 1949 as attorney in guardianship proceedings for Tess Swanson in Ramsey county probate court. He charged and received the sum of $1,077.50 for fees and costs. Although the court reduced the sum to $500, respondent refused to return the excess and appealed from the court order.

(3) In 1950 respondent was retained by Kaposia Builders, Inc., to pay $600 out of a settlement sum to the Transit Mix Concrete Company. Respondent paid only $485 and, without the knowledge or consent of his client and by means of false representation to the Transit Mix Concrete Company, he deposited the balance to his own account.

During 1949 and 1950 respondent collected money belonging to this same client amounting to $577.62, which he failed and refused to make accounting for. In 1950 respondent negligently and/or incompetently handled a mechanic's lien action to this client's detriment.

(4) Respondent was retained in December 1950 to collect a claim for one Walter Schoenrock. Schoenrock submitted all of his personal papers, including abstracts, contracts for deed, and accounts, plus his automobile to respondent. Subsequently respondent persuaded Schoenrock's sister to sign a petition for the guardianship of his client Schoenrock on grounds of incompetency. The client retained other counsel and successfully opposed appointment of a guardian. Respondent then refused to return the papers and the automobile, claiming a lien for attorney's fees for services rendered in the guardianship proceedings. Schoenrock recovered the papers and automobile through aid of other counsel but refused to accept the automobile because of its state of total disrepair due to its abandonment by respondent's son.

(5) In 1951 respondent commingled $214.20 belonging to a minor child with his own funds and retained it in his possession without justification until he learned of a complaint filed with the Practice of Law Committee concerning his action in the matter.

(6) Respondent refused to pay his secretary $137.52 earned in wages, and he failed to pay the necessary withholding tax to the United States Treasury until one year after his secretary left his employ. Respondent's secretary found it necessary to retain other counsel to get the income tax matter settled.

(7) During the hearings one district judge, one municipal court judge, one former municipal court judge, one probate judge, and five attorneys testified adversely as to respondent's character, reputation, and professional conduct, while only respondent himself testified in his behalf. The report also discloses that at no time has the respondent cooperated with the Practice of Law Committee in these proceedings.

■ It is well established in this state that professional irresponsibility, through either gross negligence or sheer incompetence, to a degree revealing a total unfitness to discharge the duties of an attorney, is a ground for disbarment. In re Disbarment of Boland, 239 Minn. 141, 57 N. W. (2d) 809; In re Disbarment of Williams, 221 Minn. 554, 23 N. W. (2d) 4. When such professional irresponsibility is manifested by the mishandling of a client's financial affairs, this court has not hesitated to rule that disbarment is justified. In re Disbarment of Severson, 189 Minn. 20, 248 N. W. 293; In re Disbarment of Spencer, 172 Minn. 158, 215 N. W. 191; In re Disbarment of Yakey, 170 Minn. 21, 212 N. W. 13; In re Removal of Dahl, 159 Minn. 481, 199 N. W. 429, 43 A. L. R. 52. Furthermore, it is not necessary that such misconduct amount to a misappropriation of funds, as this court has held that mingling of a client's money by an attorney with his own and failure to properly account for his client's funds justifies subjection of an attorney to discipline. In re Disbarment of Bodin, 189 Minn. 396, 249 N. W. 569; In re Disbarment of Solem, 188 Minn. 572, 248 N. W. 212. Directly applicable to the facts as found below is In re Disbarment of Cherry, 166 Minn. 448, 208 N. W.

197, 45 A. L. R. 1108, in which this court disbarred an attorney for delay and failure to pay his client money collected for him.

The finding below that respondent ignored an order of a probate court to return the excess over the fee set by that court indicates that respondent is subject to disbarment under the terms of M. S. A. 481.15, subd. 1(3) because of his "wilful disobedience of an order of court requiring him to do or forbear an act connected with or in the course of his profession."

Respondent's conduct in the Schoenrock matter is without defense. There can be no excuse for such flagrant violation of the attorney-client relationship. As stated in State Board of Law Examiners v. Novotny, 122 Minn. 490, 142 N. W. 733, 734:

"* * * The conduct of the respondent shows a mind inappreciative of the fidelity which an attorney owes his client, or wilfully disregardful of it. Such a betrayal of a client's confidence is not endurable. It alone justifies disbarment."

We are in full accord with the above holding.

In the light of the foregoing statements, it is unnecessary to discuss further each of the findings of fact individually.

This court fully realizes that the disbarment of an attorney has serious social and economic consequences to him, but we are also cognizant of the duty of the bar to remove attorneys from the profession when they have been found deficient in that integrity and sense of responsibility necessary for the administration of justice. "The purpose of disciplining an attorney is not to punish him, but to guard the administration of justice and to protect the courts, the profession, and the public." In re Application of Smith for Reinstatement as Attorney, 220 Minn. 197, 199, 19 N. W. (2d) 324, 325. See, In re Disbarment of Williams, *supra.*

We find Alfred M. Joyce guilty of such professional misconduct as to require his disbarment as an attorney at law of this state, and we so hold.

■ Throughout his brief, respondent has made numerous references of the most derogatory nature to various judges of the courts of this state, as well as other persons. None of these references have

432

any place in these proceedings or any merit as a defense to the charges brought against the respondent, and there is no justification for their inclusion in the record. Therefore, we hereby order that all such comments be stricken and expunged from the record.

Let judgment of disbarment be entered.