IN RE APPLICATION FOR DISCIPLINE OF
WILLIE L. WILLIAMS.

83 N. W. (2d) 115.

May 17, 1957—No. 37,123.

*Robert J. McGuigan,* for Practice of Law Committee of Minnesota State Bar Association.

*Willie L. Williams,* pro se, for respondent.

PER CURIAM.

The Practice of Law Committee of the Minnesota State Bar Association commenced this proceeding against Willie L. Williams, an attorney at law in this state, and requested that Williams be disbarred or otherwise disciplined.

The petition and accusation, together with an order of this court directing Williams to answer within 8 days after the service of the order, were personally served upon Williams on November 29, 1956, in the District of Columbia, as shown by the U. S. Marshal's return of service. The aforesaid papers were served upon Williams outside of the state permitting him 20 days in which to answer in accordance with Supreme Court Rule XXI (222 Minn. xxxix). Williams interposed an answer admitting to the jurisdiction of the court and existence of the parties to the accusation but denying all other allegations contained in the petition. A referee was thereafter appointed to hear and report on the evidence and to make findings of fact. The record shows that since that time the said Willie L. Williams has withdrawn his answer to the extent of changing his plea in this proceeding from not guilty to nolo contendere. The respondent having withdrawn his answer

to the petition and accusation, not wishing to contest the same, there has been no reference in this case.

Where charges are made against an attorney and he interposes an answer but withdraws it, the case stands for determination, as upon a default, as if the allegations of the petition and accusation were admitted. In re Disbarment of McCabe, 209 Minn. 166, 295 N. W. 906.

Briefly, the accusations made against Willie L. Williams are the following: The acceptance of retainer fees, failing to perform the services agreed upon, and failing to refund said retainer fees; misappropriating clients' funds and trust funds and failing to account therefor, all as set forth in detail in four separate charges contained in the accusation.

Acceptance of retainer fees and failure to perform the service agreed upon is sufficient misconduct to disqualify an accused attorney from the practice of law. In re Disbarment of Timm, 242 Minn. 577, 64 N. W. (2d) 767; In re Disbarment of Comfort, 180 Minn. 148, 230 N. W. 582; In re Disbarment of Redding, 177 Minn. 352, 225 N. W. 274.

It is a well-established rule in this state that professional irresponsibility, through either gross negligence or sheer incompetence, to a degree revealing a total unfitness to discharge the duties of an attorney is a ground for disbarment. When such professional irresponsibility is manifested by the mishandling of a client's financial affairs, this court has not hesitated to rule that disbarment is justified. In re Disbarment of Joyce, 242 Minn. 427, 65 N. W. (2d) 581, certiorari denied, 348 U. S. 883, 75 S. Ct. 124, 99 L. ed. 694; In re Disbarment of Boland, 239 Minn. 141, 57 N. W. (2d) 809; In re Disbarment of Severson, 189 Minn. 20, 248 N. W. 293; In re Disbarment of Stauning, 190 Minn. 405, 252 N. W. 84.

There is no doubt that the aforesaid misconduct is sufficient to disqualify the accused attorney from the practice of law. In re Disbarment of Breding, 188 Minn. 367, 247 N. W. 694; In re Disbarment of Chmelik, 203 Minn. 156, 280 N. W. 283.

The petitioner has moved the court for summary judgment on the files and proceedings in the above matter.

The record herein and the facts stated compel disbarment. Judgment will be entered therefore disbarring Willie L. Williams from the practice of law and striking his name from the roll of attorneys of this state.

Let judgment of disbarment be entered.