IN RE APPLICATION FOR DISCIPLINE OF LOUIS A. OPACAK.

101 N. W. (2d) 606.

March 4, 1960—No. 37,691.

*Glen P. Powrie,* for petitioner.
*Silver, Goff, Ryan, Wallace & Newcome,* for respondent.

PER CURIAM.

This proceeding was instituted by the Practice of Law Committee of the Minnesota State Bar Association for the disbarment or discipline of the respondent, Louis A. Opacak, an attorney at law duly licensed to practice in this state. The petition and accusation charges respondent with several acts of professional misconduct. An answer having been filed, a referee was appointed to hear and report on the evidence and to make findings of fact.

The referee found that respondent has osteogenesis imperfecta, or softening of the bones, and that as a result he has had about 35 fractures; that respondent is obviously deformed and walks with crutches or a cane and wears braces on both legs. He also found, among other things, the following:

(1) In September 1954 respondent was retained by one Cle Coleman to institute a divorce action against his wife. He was paid $50 on account. The case was discussed with Coleman but not pursued. Respondent kept $25 for services rendered and refunded $25 to Coleman. In April 1955 Coleman retained another attorney to proceed with the divorce. Despite repeated warnings by opposing counsel regarding a conflict of interest, the respondent represented Mrs. Coleman in this latter proceeding and tried the case for her. Respondent stated, however, that he sought the advice of a district judge before undertaking to represent Mrs. Coleman and was told by him that he could do so.

(2) In February 1955 respondent represented an automobile owner whose automobile went into a ditch when a front wheel came off. Respondent interviewed one of the partners of an automobile repair shop which had repaired the automobile before the accident and asked whether the front wheel had been removed when the repairs were made. Upon being told that the wheel had not been removed, he asked said partner to help out his client by admitting that the wheel had been removed and that the workmanship was faulty so that a claim could be made against the body shop's insurer.

(3) In November 1954 respondent represented the plaintiff in a personal injury action against two defendants, which action was settled. In discussing the case with one of the parties involved after the settlement, he told her that her attorney had acted more in the interest of the insurance company than in her interest, and that she had received only half of the money she should have been paid.

(4) The respondent, while representing a defendant in a criminal case which was disposed of, induced a judge of the district court to sign an order releasing bail without revealing that another judge had previously refused the same request on at least two occasions.

(5) Charges that the respondent made improper advances toward a client were found not to be sustained by a fair preponderance of the evidence.

These findings, which are supported by the evidence and adopted by this court, demonstrate an irresponsible disregard by the respondent of the canons of ethics governing the conduct of attorneys. His misconduct has not only caused damage to the persons immediately involved, but has brought disrepute to the legal profession as well. Such misconduct is clearly sufficient to disqualify the accused attorney from the practice of law. See, e. g., In re Application for Discipline of Joyce, 242 Minn. 427, 65 N. W. (2d) 581, certiorari denied, 348 U. S. 883, 75 S. Ct. 124, 99 L. ed. 694; In re Application for Discipline of Williams, 221 Minn. 554, 23 N. W. (2d) 4.

The respondent is 37 years of age and was admitted to practice in December 1953. We would prefer and are inclined to believe that the acts complained of were the result of the respondent's lack of experience rather than a deliberate plan to deviate from the standards of his profession. While the misconduct involved should not and cannot be overlooked or condoned, under the circumstances the court is inclined towards leniency. It is expected, however, that the respondent will hereafter make himself cognizant of the standards of ethical conduct by which he, as a licensed attorney, is governed and that he abide by them scrupulously. Any further infractions by him at all will result in his suspension or disbarment forthwith.

Respondent is hereby severely reprimanded and censured for unprofessional conduct of which he is found guilty. He is ordered to pay to the clerk of this court, within 60 days, the sum of $250 to be applied in payment of costs incurred in this proceeding. The clerk, upon receipt of said payment, is directed to turn it over to the Practice of Law Committee of the Minnesota State Bar Association.