## IN RE APPLICATION FOR DISCIPLINE OF LEONARD A. HANSON.

103 N. W. (2d) 863.

June 10, 1960—No. 37,101.

*Glen P. Powrie,* for petitioner.

*Leonard A. Hanson,* pro se, and *William G. Dressel,* for respondent.

PER CURIAM.

This is a proceeding for the disbarment of a respondent admitted to practice at the bar of this court. The general principles governing such matters are, or should be, too well known to require detailed reiteration or elaboration. Every attorney at law is held to the highest standards of ethical conduct in his professional activities. It is a ground for disbarment that an attorney manifest professional irresponsibility by the mishandling of a client's financial affairs,[1] that he convert client's funds to his own use and fail to account to the client for them upon demand,[2] or that he show a lack of absolute integrity in the handling of client's funds and in conducting financial transactions with others.[3] Restitution of misappropriated funds may constitute a mitigating circumstance but is no defense.

A petition was filed with this court by the appropriate committee of the Minnesota State Bar Association on October 22, 1956, charging respondent with certain specified derelictions of his duty as an attorney of this court. The petition was duly served and an answer filed by respondent. Thereafter an amended petition was filed and an answer made thereto. The matter was referred for hearing to a retired district judge, experienced in the conduct of lawsuits. A full hearing was had at which respondent appeared and was represented by counsel. Numerous witnesses were sworn and testified and exhibits were received. Thereafter the referee made detailed findings of fact.

It would serve no purpose to review the details of the accusations against respondent, the evidence, or the findings of the referee. We have reviewed the record and are satisfied that the findings are sup-

---

[1] In re Application for Discipline of Joyce, 242 Minn. 427, 65 N. W. (2d) 581, certiorari denied, 348 U. S. 883, 75 S. Ct. 124, 99 L. ed. 694.

[2] In re Application for Discipline of Rice, 241 Minn. 386, 63 N. W. (2d) 41.

[3] In re Application for Discipline of Boland, 239 Minn. 141, 57 N. W. (2d) 809.

ported by the record. Were we to make original findings in this case, they would not differ materially from those of the referee.

It is not seriously disputed that the evidence and findings show a violation by respondent of his duties as an attorney. However, the respondent left the State of Minnesota July 10, 1957, and ceased practicing law at that time. It is represented to us that he suffers from serious impairment of his eyesight resulting from service in the armed forces. The court is asked to extend its compassion to the respondent because of the hardship of his present situation.

Courts are charged with the duty of controlling the qualification and conduct of attorneys at law in order that there may be no compromise whatever of the moral and ethical standards upon which the functioning of our legal system depends. The purpose of disciplining an attorney is not to punish him, but to guard the administration of justice and to protect the courts, the legal profession, and the public.[4] The public interest is and must be the paramount consideration; and the primary duty of the court must be protection of the public. Clear violation of a lawyer's duties to his clients and to the public compels an order of disbarment. The enlistment of a natural human sympathy for respondent's unrelated misfortune cannot be permitted to deter us from performance of this duty.

Let judgment of disbarment be entered.

---

[4]In re Application of Smith for Reinstatement as an Attorney, 220 Minn. 197, 19 N. W. (2d) 324.