APPLICATION for the Disbarment and Request to Resign of Edwin Aron HETLAND; an Attorney at Law of the State of Minnesota.

No. 48266.

Supreme Court of Minnesota.

Dec. 29, 1978.

R. Walter Bachman, Jr., Administrative Director on Professional Conduct, Daniel C. Heely, Asst., Lawyers Professional Responsibility Board, St. Paul, Michael J. Hoover, Minneapolis, for appellant.

Edwin A. Hetland, pro se.

Paul A. Skjervold, Minneapolis, for respondent.

PER CURIAM.

Pursuant to Rule 12, Rules of Lawyers Professional Responsibility, the Administrative Director of the Lawyers Professional Responsibility Board (Board) petitioned this court, on October 19, 1977, to take disciplinary action against respondent, Edwin Aron Hetland. On that same date, as an interim measure, the Board petitioned the court, per Rule 16, to immediately suspend respondent from the practice of law. On October 26, 1977, an en banc hearing was held before this court regarding the Board's petition for immediate suspension; respondent appeared pro se. At the conclusion of the hearing the court issued an order from the bench suspending respondent from the practice of law, but granted respondent leave to retain an attorney for the purpose of moving the court to vacate the suspension order. No such motion was made by respondent and, on February 27, 1978, the court ruled that the order of October 26, 1977, should remain in full force and effect until further order of the court. In the *Matter of the Application for Disbarment of Hetland,* Minn., 265 N.W.2d 814 (1978).

In accordance with Rule 14, the Board's petition for disciplinary action was referred to Retired Judge Rolf Fosseen for hearing.[1] On May 22, 1978, Judge Fosseen made his findings of fact and conclusions of law, and recommended that respondent be disbarred. Pursuant to Rule 14(e), this court, on June 16, 1978, ordered a hearing on this case for November of 1978. Respondent then filed a petition to resign dated September 19, 1978, requesting the court for leave to resign from the practice of law.[2] On October 5,

---

1. This matter was initially referred to Retired District Court Judge Clarence A. Roloff for hearing. However, as a result of an affidavit of prejudice filed against Judge Roloff by respondent, Judge Fosseen was substituted to hear this case.

2. Respondent's petition to resign states, in relevant part, as follows:

"III.

"That from that time on [since May 5, 1936, the date he was admitted to practice law in Minnesota] he has practiced his profession honorably.

"IV.

"That he has in the last ten (10) years become involved with persons and circum-

1978, the court ordered that respondent's petition to resign be heard on November 7, 1978, and designated that same day for the hearing on the Board's petition seeking disbarment. Respondent's brief was due on October 16, 1978.[3] No brief was filed.

In its petition and supplementary petition for disbarment,[4] the Board complains of six transactions in which respondent allegedly violated mandatory ethical standards. In his answers to the petitions, respondent specifically denies the allegations made by the Board.

Our review of this matter is limited by the operation of Rule 14(d), Rules of Lawyers Professional Responsibility. That rule provides, in part, that:

"(d) Referee's findings, conclusions, and recommendations. The referee shall make findings of fact, conclusions, and recommendations, file them with this Court, and notify the respondent and Director of them. Unless the respondent or Director within five days orders a transcript and so notifies this Court, the findings of fact and conclusions shall be conclusive."

In this case respondent has not ordered a transcript of the proceedings held before the referee.[5] Thus, pursuant to the above rule, the referee's factual findings and conclusions are conclusive. These findings and conclusions are very comprehensive and co-

gent; they may be briefly summarized as follows:

*Complaint No. 1* charged that respondent, under the guise of being an expert in stock investments, appropriated for his own benefit certain sums from a Mrs. Luella Thompson. Referee Fosseen found abundant evidence to support this charge and concluded that respondent's conduct violated a multitude of disciplinary rules, including DR 1–102(A)(4), which proscribes "conduct involving dishonesty, fraud, deceit, or misrepresentation."

*Complaint No. 2* alleged that respondent planned and participated in the presentation of false evidence to the Board relative to its investigation of Complaint No. 1. Again, Referee Fosseen found sufficient evidence to support this charge and concluded that respondent's conduct violated, among others, DR 1–102(A)(4), *supra,* and DR 1–102(A)(5), which prohibits an attorney from engaging in "conduct that is prejudicial to the administration of justice."

*Complaint No. 3* claimed that respondent attempted to bribe and coerce Mrs. Thompson into withdrawing the ethics complaint which she had filed against him. Referee Fosseen found this allegation to be supported by the evidence and concluded that respondent's conduct constituted a violation of various disciplinary rules, including DR 1–102(A)(4) and (5), *supra.*

---

stances which have brought him discredit and blame.
"V.
"That he wishes to relinquish his right to practice law and resign from the Bar so as to avoid the stigma of possible disbarment and further official censure.
"VI.
"That he realizes that advancing age [respondent is now 81] and impaired judgment as a result thereof have created the difficulties he has encountered."
The Board opposes the petition, claiming, in part, that respondent has not practiced his profession honorably; that there is "not even the remotest possibility that any circumstances or persons could justify resignation rather than disbarment under the facts present in this case"; and that his improprieties are not a result of advancing age.

3. Respondent's brief was originally due on August 11, 1978. However, as a result of two

time extensions, his brief was ultimately due on October 16, 1978. It should be noted that on October 12, 1978, respondent requested the court to grant him an additional extension of time to obtain a transcript of the proceedings before the referee and a resultant extension of time to file his brief. This request was denied on October 19, 1978.

4. After the filing of the original petition, the Board discovered additional evidence of alleged professional misconduct on respondent's part. As a result, the Board filed a supplemental petition which included these additional allegations of misconduct.

5. Although a tentative order for a transcript was made, proper arrangements were not concluded within the time permitted by the Rule and thus, by the terms of the order itself, the request for the transcript became null and void.

*Complaint No. 4* charged that respondent used his position as an attorney to borrow substantial sums of money from a Mrs. Florence J. Kautz, and that he made no "good faith efforts with Mrs. Kautz to arrange for repayment of these loans." The petition further alleged that Mrs. Kautz filed an ethics complaint against respondent and that he attempted to induce her to withdraw it. Referee Fosseen found sufficient evidence to support the first charge and concluded that respondent's conduct violated DR 1–102(A)(4), *supra,* and DR 1–102(A)(6), which prohibits an attorney from engaging in "conduct that adversely reflects on his fitness to practice law." In regard to the latter charge, Referee Fosseen again found adequate evidence to support the Board's claim and concluded that respondent's conduct violated various disciplinary rules, including DR 1–102(A)(4) and (5), *supra.*

*Complaint No. 5* claims that respondent intentionally made false statements under oath in hearings before the Board. Referee Fosseen found more than sufficient evidence in the record to support this charge and concluded that this conduct violated, among others, DR 1–102(A)(4)–(6), *supra.*

*Complaint No. 6,* added by the supplementary petition, alleges that respondent defrauded a Mrs. Myrtle Larson, an 80-year-old widow in ill health, of $3,800. The referee found this allegation to be amply supported by the evidence. He concluded that respondent's conduct constituted a violation of various disciplinary rules, including DR 1–102(A)(4), *supra.* The referee also found that respondent attempted to improperly frustrate the lawsuits brought by Mrs. Larson to recoup her money. Referee Fosseen concluded that this conduct violated, among others, DR 7–102(A)(1), which prohibits an attorney from conducting a defense solely to harass or maliciously injure another.

In conclusion, Referee Fosseen observed that:

"In his testimony before the undersigned, Respondent failed to testify in a candid and straightforward manner. He frequently gave evasive and gratuitous answers and made numerous false statements under oath."

This, Referee Fosseen concluded, violated various disciplinary rules, including DR 1–102(A)(4)–(6), *supra.*

In light of the foregoing violations of mandatory disciplinary standards, Referee Fosseen recommended that respondent be disbarred from the practice of law. His recommendation is soundly based in his findings of fact and conclusions. It is also consistent with the policies underlying the disbarment sanction as articulated by this court in its decision of *In re Application for Discipline of Hanson,* 258 Minn. 231, 103 N.W.2d 863 (1960). There, the court stated:

"Courts are charged with the duty of controlling the qualification and conduct of attorneys at law in order that there may be no compromise whatever of the moral and ethical standards upon which the functioning of our legal system depends. The purpose of disciplining an attorney is not to punish him, but to guard the administration of justice and to protect the courts, the legal profession, and the public. The public interest is and must be the paramount consideration; and the primary duty of the court must be protection of the public. Clear violation of a lawyer's duties to his clients and to the public compels an order of disbarment." 258 Minn. 233, 103 N.W.2d 864 (footnote omitted).

It is apparent, then, that disbarment is an appropriate remedy in this case.

A significant issue before this court is whether respondent should be allowed to resign instead of being disbarred. Rule 11, Rules of Lawyers Professional Responsibility, authorizes the court to grant an attorney's request to resign.[6] This court, however, has previously taken the position that resignation is not appropriate where the record shows flagrant violations of profes-

6. Rule 11 reads as follows: "This Court may at any time, with or without a hearing and with any conditions it may deem appropriate, grant or deny a lawyer's request to resign from the bar."

sional duties which justify disbarment. *In re Application for Discipline of Streater,* 262 Minn. 538, 115 N.W.2d 729 (1962). In that case the referee recommended that the attorney in question be allowed to resign rather than be disbarred. The record indicated that the lawyer was of generally good character but was suffering from neurosis and depression. In rejecting the referee's recommendation, the court reasoned:

"The referee recommends that this court grant respondent's petition to be permitted to resign rather than to be disbarred. In support thereof, he quotes from *Application of Smith for Reinstatement as Attorney,* 220 Minn. 197, 19 N.W.2d 324, wherein the court set forth the purpose of disbarment as later approved in *In re Application for Discipline of Hanson, supra.* He urges that the resignation of respondent as an attorney would serve the purposes outlined therein in guarding the administration of justice and protecting the courts, the legal profession, and the public, and jeopardize none of them. But if this court were to establish as a precedent that an attorney, notwithstanding flagrant violations of his professional duties and responsibilities, could, when pressure for disbarment became acute, urge that his mental condition had brought about such misconduct and that therefore he should be permitted to resign, the result would scarcely operate as a deterrent against legal misconduct. We feel that where misconduct and violation of the canons of ethics justify disbarment such a penalty must follow." 262 Minn. 543, 115 N.W.2d 733.

The matter at hand presents an even stronger case for disbarment than did *Streater.* Here, we find no extenuating circumstances; nor do we find respondent's age to be a mitigating factor. Clearly, respondent's petition to resign urges us to reexamine our holding in *Streater.* On the facts before us, however, we decline to do so.

In light of our analysis and of Referee Fosseen's clear findings of significant ethical violations on respondent's part, we conclude that disbarment must follow.

Let judgment of disbarment be entered.